UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

OSCAR FRANCO GAUPO,

     Petitioner,

v.

JOSH JOHNSON, et al.,

     Respondents.

No. 1:26-CV-089-H

### ORDER

In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit held that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. 166 F.4th 494 (5th Cir. Feb. 6, 2026). Oscar Franco Gaupo, a native and citizen of Mexico, is one such alien, having illegally entered the United States on an unknown date. His habeas petition, filed after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond hearing based on the Fifth Amendment's Due Process Clause. Dkt. No. 1.

Franco Gaupo's due process claim is not foreclosed by *Buenrostro-Mendez*. But neither the substantive nor procedural veins of due process afford alien petitioners a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Franco Gaupo are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned.

Because the legal arguments and facts presented in the petition are indistinguishable from those addressed in the Court's prior decisions denying relief, "it appears from the

application that the applicant or person detained is not entitled" to a writ of habeas corpus.[1] 28 U.S.C. § 2243.  Thus, while the Court would ordinarily issue an order to show cause, it exercises its discretion to forgo that step here.  *Id.*; *see Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998).  The petition (Dkt. No. 1) is denied.

### 1.    Background

Franco Gaupo illegally entered the United States at an unknown location on an unknown date.  Dkt. No. 1-1 at 3.  U.S. Immigration and Customs Enforcement (ICE) has detained Franco Gaupo without bond for one month.  Dkt. No. 1 ¶ 1.  He was soon placed into removal proceedings with a Notice to Appear.  *See* Dkt. No. 1-1 at 3.  The NTA charged him with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."  *Id.*; *see* 8 U.S.C. § 1182(a)(6)(A)(i).  The petition does not state whether he requested bond, but doing so would be futile in light of the Board of Immigration Appeals' opinion in *Matter of Yajure Hurtado*, which held that aliens present in the United States without admission must be detained without bond under Section

---

[1] *See, e.g.*, *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo v. Noem*, __ F. Supp. 3d __, No. 1:25-CV-177, 2026 WL 81679 (N.D. Tex. Jan. 9, 2026); *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, ___ F. Supp. 3d ___, No. 1:25-CV-221, 2025 WL 3755126 (N.D. Tex. Dec. 29, 2025).

1225(b)(2)(A) of the INA for the duration of their removal proceedings.  29 I. & N. Dec. 216, 220 (BIA 2025).[2]

Franco Gaupo filed a petition for a writ of habeas corpus.  Dkt. No. 1.  The petition states one claim for relief: Franco Gaupo alleges that his detention without bond violates the Fifth Amendment's Due Process Clause.  *Id.* ¶¶ 36–45.  Prior to this case, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225.  *See* 166 F.4th at 498.  The Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2)(A).  The Fifth Circuit found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp.  *Buenrostro-Mendez*, 166 F.4th at 502 (quoting *Garibay-Robledo v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-177, 2026 WL 81679, at *5 (N.D. Tex. Jan. 9, 2026)).

## 2.    Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

---

[2] On February 18, 2026, the Central District of California purported to vacate *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, ___ F. Supp. 3d ___, No. 5:25-CV-1873, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026).  But as the Court explained in *Calderon Lopez v. Lyons*, the Central District lacks authority to enter such relief.  ___ F. Supp. 3d ___, No. 1:25-CV-226, 2025 WL 3683918, at *10–14 (N.D. Tex. Dec. 19, 2025).  *Yajure Hurtado* binds immigration judges, meaning it would be "an exercise in futility" to seek a bond hearing.  *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000).  Thus, Franco Gaupo's petition does not present an exhaustion problem.  *Id.*

Const. art. I, § 9, cl. 2).  With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases.  *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).  Habeas exists solely to "grant relief from unlawful imprisonment or custody."  *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).  Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).  A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.

### 3.    Analysis

As noted above, Franco Gaupo raises one due process claim in his petition. *Buenrostro-Mendez* does not foreclose this constitutional claim.  But the Court has considered whether the Due Process Clause entitles illegal aliens to individualized bond hearings in numerous prior cases.[3]  Even so, the Court considers the arguments raised in Franco Gaupo's briefing to address whether bond-less detention of aliens present in the United States violates the Constitution.  The answer is no.

Franco Gaupo claims that his detention without the availability of a bond hearing violates the Due Process Clause of the Fifth Amendment.  Dkt. No. 1 ¶¶ 36–45.  He devotes only a few sentences to this claim, arguing that he "[c]ontinued detention without a [bond hearing] violates procedural due process."  *Id.* ¶ 38.[4]  But he is not entitled to relief.

---

[3] *See supra*, n.1.

[4] Franco Gaupo repeatedly refers to his "prolonged detention."  *See, e.g.*, Dkt. No. 1 ¶ 6.  But his petition states that he has "been continuously detained since approximately January 20, 2026."  *Id.* ¶ 11.  The Court notes that this is well within the six-month period of detention the Supreme Court presumed reasonable in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

As an "applicant for admission," Franco Gaupo has "only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140; *see Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative."). With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings*, 583 U.S. at 297. No part of the statute "says anything whatsoever about bond hearings." *Id.* Accordingly, Franco Gaupo is not entitled to a bond hearing as a matter of procedural due process.

**4.      Conclusion**

In short, Franco Gaupo, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 498. And the Due Process Clause does not require a bond hearing in these circumstances. Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on March 4, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE